IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0354-12





THE STATE OF TEXAS



v.



CARL ALAN BENNETT, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N 



 I join the Court's opinion, which affirms the judgment of the court of appeals based on the
unsettled state of the law in regard to the term of the statute of limitations for the offense that was
alleged by the indictment. After considering the statutes at issue, I conclude that the term is three
years.

 One of our rules of statutory construction tells us that we construe a statute in accordance
with its plain meaning unless the plain meaning would produce absurd results that the legislature
could not possibly have intended. Boykin v. State, 818 S.W.2d 782,785 (Tex. Crim. App. 1991). 
I would hold that this is such a case. 

 In examining the language in Article 12.03, I find that three of the four paragraphs,
concerning attempt, criminal conspiracy, solicitation, and organized criminal activity, all have the
same term of limitations as does the offense at issue. Only the fourth paragraph, aggravated
offenses, is different; it sets the term of limitation at that of a lesser-included offense. Then, looking
at Article 12.01, I find that, for two of the six aggravated offenses, robbery and kidnapping, the
unaggravated offense is a felony and is specifically assigned a term of five years. Unaggravated
sexual assault is also a felony and has a specific term of ten years. Only unaggravated assault,
perjury, and promotion of prostitution are misdemeanors, and each, if aggravated, is a felony. By
the elements of the offense, neither perjury nor promotion of prostitution are violent offenses,
leaving assault as the only violent offense with a term of two years. Surely the legislature did not
intend that a serious, violent felony would have the same statute-of-limitations term as a
misdemeanor that may involve merely causing physical contact that another person will regard as
offensive or provocative. 

 Clearly, given the widely differing views expressed in the various concurring opinions, only
the legislature can say definitively what it intended.

 

Filed: November 27, 2013

Publish